

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-6-2009

# Ramos-Vasquez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2631

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Ramos-Vasquez v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1769.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1769

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IMG-33                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-2631 & 08-2091
(consolidated)
_____

ELENA RAMOS-VASQUEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A70-129-341)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 5, 2009
Before:  SLOVITER, STAPLETON AND COWEN, Circuit Judges

(Opinion filed : March 06, 2009  )
_____

OPINION
_____

PER CURIAM

Elena Ramos-Vasquez  petitions for review of an order of the Board of

Immigration Appeals (BIA).  For the reasons below, we will deny the petition for review.

Ramos-Vasquez, a native of El Salvador, entered the United States on November 30, 2004, and was charged as removable for being present in the United States without being admitted or paroled. Ramos-Vasquez conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture. Ramos-Vasquez argued that she was targeted by gangs in El Salvador because she received money from her husband in the United States. After a hearing, the IJ denied relief and ordered Ramos-Vasquez removed to El Salvador. The IJ found that Ramos-Vasquez had not demonstrated that her past experiences in El Salvador rose to the level of persecution, that she had a well-founded fear of persecution if she returned, or that she was targeted as a member of a particular social group. The BIA dismissed the appeal.

Ramos-Vasquez filed a petition for review which was docketed at No. 07-2631. On January 30, 2008, we granted the government's motion to remand the matter to the BIA and stayed Ramos-Vasquez's removal pending the BIA's decision on remand. On March 21, 2008, the BIA held that persons with family members working in the United States did not constitute a particular social group and dismissed the appeal. Ramos-Vasquez then filed a timely petition for review which was docketed at No. 08-2061. The petitions have been consolidated.

We have jurisdiction under 8 U.S.C. § 1252. We may reverse the BIA's decision only if the record permits but one reasonable conclusion which was not the one reached

2

by the Board.  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  To establish eligibility for asylum, Ramos-Vasquez must demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Vente v. Gonzales, 415 F.3d 296, 300 (3d Cir. 2005).  For withholding of removal, she must demonstrate that it is more likely than not that her life would be threatened in El Salvador on account of these protected grounds.  Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A).  To be eligible for withholding of removal under the Convention Against Torture, Ramos-Vasquez must demonstrate that it is more likely than not that she would be tortured if removed to El Salvador.  8 C.F.R. § 208.16(c)(2).

Ramos argues that she was targeted for robbery by a gang in El Salvador based on her membership in a social group comprised of Salvadorans who have immediate relatives in the United States.  Ramos-Vasquez stated that she had been robbed at gunpoint by members of the Maras gang twice, in February and September of 2004.  The robbers allegedly told her that they knew she had money sent to her from relatives in the United States and that she should not notify the police, as they could not help her. Ramos-Vasquez did not report the robberies but instead fled to the United States.  The two robberies Ramos-Vasquez suffered do not rise to the level of persecution, regardless of whether she was targeted on account of a protected ground. See Lie v. Ashcroft, 396 F. 3d 530, 536 (3d Cir. 2005)("[T]wo isolated criminal acts, perpetrated by unknown

3

assailants, which resulted only in the theft of some personal property and a minor injury, [are] not sufficiently severe to be considered persecution.")

Moreover, there is nothing in the record to suggest that Ramos-Vasquez was targeted based on the source of her money and not based on the simple fact that she had money. Ramos-Vasquez has not shown that Salvadorans who receive money from immediate relatives in the United States should be considered a social group. In Escobar v. Gonzales, 417 F.3d 363 (3d Cir. 2005), we rejected the proposed social group of "Honduran street children." We noted

> the record fails to show any realistic differences between these children and those of Guatemala or Sao Paulo or hundreds of other locations across the globe. Incidents of deprivation and suffering are, unfortunately, universal and not confined to one country. Thus a legitimate distinction cannot be made between groups of impoverished children who exist in almost every country.

Id. at 367. The same is true here; Salvadorans who receive money from relatives in the United States are no different from people around the world who are targeted for robbery because they have money.

Ramos-Vasquez has not shown that the record compels a finding of past persecution or a well-founded fear of future persecution on the basis of a social group. Nor has she shown that the record compels a finding that her life would be threatened or that she would be tortured if removed to El Salvador so as to entitle her to withholding of removal or relief under the CAT. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 C.F.R. § 208.16(c)(2).

4